**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELLE M. PERKEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  2:23-cv-1326 |
| | ) | |
| v. | ) | |
| | ) | |
| **ALBERT GALLATIN SCHOOL DISTRICT,** | ) | |
| **CHRISTOPHER PEGG, Individually and in his** | ) | |
| **professional Capacity as Superintendent of the** | ) | |
| **Albert Gallatin School District, TROOPER** | ) | |
| **CRAIG P. STUDENT, TROOPER JOHN DOE,** | ) | |
| **JOHN DOE I and JANE DOE.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## Jurisdiction

1.   This action is brought pursuant to 42 U.S.C.§ 1983.  Jurisdiction is founded upon 28

2.   U.S.C. § 1331 and 1343 and the aforementioned statutory provision.

## PARTIES

3.   Plaintiff Michelle M. Perkey ("Plaintiff"), a citizen of the United States, is an adult

4.   individual residing at 639 Magee Street, Runco, Fayette County, Pennsylvania.

5.   Defendant Albert Gallatin School District is a school district organized under the

laws of the Commonwealth of Pennsylvania with an address of 2625 Morgantown

Road, Uniontown, PA 15401.  At all times relevant to this complaint, Defendant

Albert Gallatin School District acted by and through its officials, including but not

limited to Defendant Christopher Pegg.

6.   At all times relevant to this complaint, Defendant Christopher Pegg was employed as the

Superintendent of the Albert Gallatin Area School District with a business address of

1

2625 Morgantown Road, Uniontown, PA 15401.  He is being sued in his individual capacity.  In all of his actions, Defendant Christopher Pegg was acting under color of state law and in the course of his employment.

7.  At all times relevant to this complaint, Defendant Trooper Craig P. Student was employed by the Pennsylvania State Police with a business address of 1070 Eberly Way, Lemont Furnace, PA 15456.  He is being sued in his individual capacity.  In all of his actions, Defendant Trooper Craig P. Student was acting under color of state law and in the course of his employment.

8.  At all times relevant to this complaint, Defendant Trooper John Doe was employed by the Pennsylvania State Police with a business address of 1070 Lemont Furnace, PA 15456.  He is being sued in his individual capacity.  In all of his actions, Defendant Trooper John Doe was acting under color of state law and in the course of his employment.

9.  At all times relevant to this complaint, John Doe I was an employee or volunteer for the Albert Gallatin Area School District who was the person responsible for administering, monitoring and/or managing the Albert Gallatin Area School District's ParentsOfficial Facebook Page with an address of 2625 Morgantown Road, Uniontown, PA 15401.

10.

11.  At all times relevant to this complaint, Jane Doe was an employee or volunteer for the Albert Gallatin Area School District who was the person responsible for monitoring managing the Albert Gallatin Area School District's Parents Facebook Page with an address of 2625 Morgantown Road, Uniontown, PA 15401.

## FACTS

12. At all times relevant hereto, Plaintiff Michelle M. Perkey was an honorably discharged veteran of the United States Navy and suffered from Post Traumatic Stress Disorder (PTSD).

13. Michelle M. Perkey is the natural Mother of the minor children P/P and B/P.

14. Both P/P and B/P at all times relevant hereto were students enrolled in the Albert Gallatin Area School District.

15.  In the school year 2019-2020, P/P was a student in the 9th grade at the in the Albert Gallatin High School.

16. In the school year 2019-2020, B/P was a student in the 8th grade in the Albert Gallatin North Middle School.

17. Prior to the school year 2019-2020 the children experienced an uneventful academic life in the Albert Gallatin School District generally scoring above average in their studies with mostly "A" and "B" grades.

18. In late winter 2020 during the month of February the nation including Pennsylvania and the Albert Gallatin Area School District became exposed to the covid pandemic.

19. At all times relevant hereto, the Albert Gallatin School District offered parents of students enrolled in the district as well as citizens two Facebook Pages.

20. The first Facebook Page was the District's Official Page.

21. The second Facebook Page held itself out as a "Parents Page."

22. At all times relevant hereto, Plaintiff Michelle M. Perkey expressed her First Amendment right of freedom of speech under the United States Constitution by posting information

contrary to the school district covid policies citing data which contradicted Centers for Disease Control (CDC) policies requiring masks and lock downs.

23. On or about March 13, 2020 the Albert Gallatin Area School District closed schools due to the covid pandemic and adopted a "remote" learning program.

24. The "remote" learning program involved the students using their issued computer "tablets" with the requirement that district students attend classes remotely from home.

25. The Albert Gallatin Area School District monitored attendance in the "remote" classes.

26. Due to the covid epidemic and other matters, Plaintiff Michelle M. Perkey experienced financial difficulties and was no longer able to afford an internet connection for the children's remote learning.

27. Plaintiff Michelle M. Perkey learned that the Albert Gallatin Area School District was providing free internet service to other students on remote learning.

28. Based upon this information, Plaintiff Michelle M. Perkey contacted the school for assistance.

29. At all times relevant hereto, Plaintiff Michelle M. Perkey expressed her First Amendment Right to free speech under the United States Constitution criticizing the Defendant Albert Gallatin School District, Defendant Christopher Pegg, administrators and teachers via Facebook and verbally regarding the district's covid policies of closing schools and the mask mandate.

30. Plaintiff Michelle M. Perkey posted criticism of the Defendant Albert Gallatin School District by posting scientific information countering the effectiveness of wearing protective masks by students.

31. The Albert Gallatin Area School District in retaliation for the exercise of her first amendment rights under the United States Constitution, refused to provide assistance to the Perkey children for internet access.

32. In the school year 2020-2021 the children's teachers began to notify Plaintiff Michelle M. Perkey by e-mail that her children weren't completing their work as assigned remotely and that their grades were failing.

33. As a result of these messages regarding her children from the school, Plaintiff exercising her First Amendment rights of the Constitution of the United States of America of free speech, became very critical of the fact that the schools operating "remotely.

34. Plaintiff, again exercising her First Amendment rights of the Constitution of the United States of America of free speech, expressed her frustration and criticism to the school teachers in email messages in response to their email messages.

35. The Perkey home is also in a rural area and the internet service available to the home was not reliable.

36. The child P/P suffered a respiratory condition from exposure to smoke during a house fire in 2018 and was not able to wear a protective mask for long periods of time.

37. When the schools eventually opened and remote learning ended, the children were required to wear a "protective mask" during the school day.

38. Plaintiff Michelle M. Perkey decided to continue the school year with her children on remote learning.

39. Both P/P and B/P failed the school year 2020-2021.

40. At all times relevant hereto, Plaintiff Michelle M. Perky, exercising her First Amendment rights of the Constitution of the United States of America of free speech, became vocal

relative to the school closings and later the required masks expressing her feelings on social media especially on the school district's Facebook page and the Albert Gallatin School District's parents Facebook page.

41. Plaintiff, again exercising her First Amendment rights of the Constitution of the United States of America of free speech, posted a video containing a medical argument relative to covid and ineffectiveness of requiring masks for students to the school District "parents" page on Facebook.

42. Almost immediately in retaliation to the Plaintiff's assertion of her first amendment rights, the Plaintiff's post was removed from the Facebook page and Plaintiff was blocked on both the School District's Facebook page as well as the "Parent's" Facebook page.

43. Plaintiff Michelle M. Perkey was blocked by both Facebook Pages immediately and simultaneously.

44. Plaintiff Michelle Perkey sent messages to both Facebook pages asking" Why am I blocked?"

45. In retaliation to the Plaintiff's assertion of her first amendment rights, Plaintiff Michelle Perky never received a response from the Facebook page administrators.

46. The fact that the Plaintiff Michelle M. Perkey was blocked by both Facebook Pages immediately and simultaneously evidences that the Administrators of the Facebook Pages acted in concert and conspiracy.

47. Plaintiff, exercising her First Amendment rights of the Constitution of the United States of America of free speech, continued to raise questions about the school district's covid mask requirements.

48. Plaintiff, exercising her First Amendment rights of the Constitution of the United States of America of free speech, also raised questions on social media regarding the ESSER funds received from the Federal government and paid to the school district.

49. Sometime on or before May 26, 2021, in retaliation to the Plaintiff's assertion of her first amendment rights, Defendant Christopher Pegg contacted the Pennsylvania State Police and made complaints to Defendant Trooper Craig Student and Defendant Trooper John Doe regarding the Plaintiff Michelle M. Perkey.

50. On May 26, 2021, Defendant Pennsylvania State Police Trooper Craig P. Student and Defendant Trooper John Doe appeared at the home of Plaintiff stating they had a warrant for the Plaintiff on charges of Truancy.

51. At no time relevant to the facts of this complaint did Defendant Trooper Craig P. Student produce an arrest warrant.

52. At no time relevant to the facts of this complaint did Defendant Trooper John Doe produce an arrest warrant.

53. Plaintiff believe and avers that the Defendant Troopers despite stating to her that they had an arrest warrant never in fact possessed an arrest warrant.

54. Plaintiff refused entry to her home and as she opened the door to communicate with the Defendant Trooper Craig P. Student, he violently and without warning shoved the door open striking the Plaintiff's right leg causing her pain and bruising.

55. During this time, Plaintiff was suffering from respiratory distress and was attempting to end her interaction with Defendant Troopers Craig P. Student and Trooper John Doe.

56. At some point during the illegal invasion into her home, Plaintiff made repeated 911 calls to report the conduct of the Defendant Troopers, request police assistance and request an ambulance for her respiratory distress.

57. After the 911 call Defendant Trooper Craig P. Student left her residence and was seen by Plaintiff on his cell phone outside her residence.

58. At this time Defendant Trooper John Doe moved from Plaintiff's doorway.

59. Plaintiff was able to push her door shut and lock the door.

60. Shortly thereafter Plaintiff lost consciousness.

61. When Plaintiff regained consciousness, she was lying on the floor and the Defendant Troopers Craig P. Student and John Doe were gone.

62. The ambulance requested by Plaintiff never arrived.

63. Plaintiff believes and avers that Defendant Trooper Craig Student in retaliation for exercising her first amendment rights under the Constitution of the United States interfered with the Plaintiff's 911 call for assistance.

64. Based upon the statements of the Defendant Trooper Craig Student that he possessed a warrant, Plaintiff contacted the local District Justice regarding possible Truancy charges and was advised by the office staff that there were truancy charges pending against her for her children and was given a hearing date.

65. In retaliation to the Plaintiff's repeated assertion of her first amendment rights, agents of the Defendant School District filed charges of Truancy against the Plaintiff before the local District Justice.

66. On the set date, June 16, 2021, Plaintiff appeared before the local District Justice where the truancy/attendance officer appeared and dropped the truancy charges against the Plaintiff.

67. Thereafter because her children were failing school, Plaintiff made arrangements with the school nurse for her children P/P and B/P to attend Summer School without the mask requirement.

68. On their first day of summer school on June 15, 2021, the children returned home with P/P experiencing nose bleeds.

69. Plaintiff learned that despite approval from the school nurse her children were required to wear masks the entire school day.

70. At this point in time the state had lifted mask requirements and other children and staff were not required to wear protective masks.

71. Exercising her First Amendment rights of the Constitution of the United States of America of free speech, the Plaintiff contacted the Albert Gallatin High School by telephone criticizing the mask requirement for her children.

72. Plaintiff believed that her children were being targeted in retaliation to the Plaintiff's assertion of her first amendment rights, due to her criticism of the school mask policy.

73. In retaliation to the Plaintiff's assertion of her first amendment rights, representatives of the Albert Gallatin Area School District never returned Plaintiff's telephone calls.

74. In retaliation to the Plaintiff's assertion of her first amendment rights, Defendant Christopher Pegg sent a letter to the Plaintiff advising her that "in order to be on district property, you must schedule an appointment in advance with the appropriate administrator or school counselor." (Exhibit "1" attached hereto.)

75.  In retaliation to the Plaintiff's assertion of her first amendment rights, during this time after Plaintiff was blocked by the Defendant School District from expressing herself on the school district social media sites and was prohibited from entering the school property without permission, her only way to contact the school district was via telephone.

76. When the school district failed to answer her calls and/or return her calls, Plaintiff exercising her first amendment rights of the Constitution of the United States of America to free speech again became very critical of the staff of the school district at times calling them "communists" and threatening to "have their jobs."

77. On or about July 26, 2021, in retaliation to the Plaintiff's assertion of her first amendment rights, Defendant Trooper Craig P. Student filed a criminal complaint against the Plaintiff Michelle M. Perkey charging her with one misdemeanor count of "HARASSMENT – COMM-LEWD, THREATENING, ETC. LANGUAGE."
(See Exhibit "2" attached hereto)

78. Plaintiff thereafter appeared at a preliminary hearing on the aforesaid charge on April 25, 2022 wherein the Court found that the Commonwealth had presented a prima facie case and held the case for Court.

79. The case moved to the Fayette County Court of Common Pleas at Docket Number CP-26-CR-00000794-2022 (See Exhibit "3"attached hereto)

80. Plaintiff through her legal counsel, defended the case.

81. Plaintiff through her legal counsel sent a "preservation letter" via CERTIFIED U.S. MAIL, dated October 1, 2021 to Defendant Christopher Pegg in his capacity as the Superintendent of the Defendant Albert Gallatin School District. (See Exhibit "4"attached hereto).

82. On or about September 21, 2022 the Attorney for the Commonwealth filed a Motion for Leave to Enter a Nol. Pros. of the charges against the Plaintiff which was granted by the Court.  (See Exhibit "5"which is attached hereto)

83. The reasons listed for the Nol. Pros. stated: "In the above captioned case, the Commonwealth requests a Nol. Pros. due to the victim does not wish to proceed therefore, it is requested that a Nol. Pros. be granted on Count 1. (See Exhibit "5"attached hereto)

84. Therefore, all charges filed by Defendant Trooper Craig Student on behalf of the Defendant Albert Gallatin School District and Defendant Christopher Pegg are dismissed

85. Plaintiff believes, and therefore avers that her arrest on the above referenced charges was in retaliation to the Plaintiff's assertion of her first amendment rights, under the Constitution of the United States of America, by criticizing the School District's Covid Policies.

86. Plaintiff believes, and therefore avers that her arrest on the above referenced charges were based upon untrue accusations of criminal conduct was to punish the Plaintiff for her exercise of her first amendment rights, under the Constitution of the United States of America, by criticizing the School District's Covid Policies.

87. Plaintiff believes and therefore avers that the Defendants acted in concert and conspiracy with each other to maliciously and unjustifiably harm the Plaintiff and to deprive the Plaintiff of her constitutional rights.

88. The "Affidavit of Probable Cause" attached to Defendant Craig Student's Criminal Complaint is devoid of any specific dates of alleged telephone calls allegedly made by the Plaintiff to Defendant Christopher Pegg.  (See Exhibit "2"attached hereto)

89. The "Affidavit of Probable Cause" attached to Defendant Craig Student's Criminal Complaint is devoid of any specific "elicit" phrases contained in the alleged telephone calls allegedly made by the Plaintiff to Defendant Christopher Pegg other than her calling the Defendant Albert Gallatin School District a "communist organization," "accompanied with threats to see that all employees are required to forfeit their employment."

90. The Defendants by their actions described herein were not acting in good faith.

91. As described herein above, Plaintiff's right to be free from retaliation to exercising her rights were violated by the actions of the Defendant.

92. The actions of the Defendants acting in concert and conspiracy deprived Plaintiff of rights guaranteed to her by the First Amendment to the United States Constitution.

93. On or about Monday June 21, 2021 Plaintiff visited the Albert Gallatin High School to discuss her children's failure for the 20-21 school year.

94. As Plaintiff entered Plaintiff noticed the staff were not protective masks but as she entered the staff in the office placed their protective masks on.

95. Plaintiff requested to speak to the school guidance counselor.

96. Plaintiff met with the Principal, the Guidance Counselor and a teacher in a conference room.

97. Almost immediately the principal and teacher began to scold the Plaintiff for not wearing a protective mask.

98. The teacher claimed that Plaintiff's failure to wear a mask offended her.

99. Plaintiff Michelle M. Perkey's decision not to wear a protective mask is protected speech under the First Amendment of the United States Constitution.

100.     Plaintiff Michelle M. Perkey confronted school district officials regarding their
failure to return her calls.

101.     The Plaintiff thereafter withdrew her children for the Albert Gallatin Area
School District.

102.     In retaliation to the Plaintiff's exercise of his freedom of speech, the Defendants
unlawfully:

    a. Blocked Plaintiff from the school's Facebook Page; and

    b. Blocked the Plaintiff from the Parent's Facebook Page; and

    c. Provided Notice to the Plaintiff that she had to schedule an appointment in
       advance before she could enter district property; and

    d. Refused to provide Internet connection to her children free of charge despite
       doing so for other students in the school district; and

    e. Causing the arrest of the Plaintiff.


**Count I –   Violations of First Amendment and First Amendment Retaliation**

**Plaintiff v.  all Defendants**


103.  Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth
at length herein.

104. At all times relevant hereto, pursuant to the First Amendment to the United States
Constitution, Plaintiff had the right to exercise her freedom of speech.

105.  As described above, in retaliation to Plaintiff's exercise of free speech, Defendants,
acting in concert and conspiracy, unlawfully barred Plaintiff from school district social

media sites, barred Plaintiff from School property without specific permission, and arrested the Plaintiff for exercising her first amendment rights.

106.   Defendant Craig P. Student filed unlawful charges against the Plaintiff.

107.   The actions of Defendants, acting in concert and conspiracy, were motivated by the Plaintiff's exercise of her freedom of speech

108.   As such, Defendants, acting in concert and conspiracy, violated the Plaintiffs' right to be free from first amendment retaliation.

109. The actions of Defendants were willful, wanton, and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants to punitive damages.

110. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff suffered tangible losses of protected property and/or liberty interests.

**WHEREFORE**, Plaintiff requests that this Court:

Enter judgment against the Defendants joint and severally:

a.   Award compensatory, economic, non-economic, and punitive damages to the Plaintiff;

b.   Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

c.   Award such further legal, equitable and other relief as this Court deems just and proper; and

d.   A jury trial to each Defendant and as to each count.

**Count II – Violation of Fourth Amendment**

**Unlawful Arrest**

**Plaintiff v. Defendants Trooper Craig P. Student and Trooper John Doe**

111. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

112. In committing the acts complained of herein, Defendant Craig P. Student and John Doe violated the Plaintiff's Fourth Amendment right to be free from unlawful arrest.

113. The actions of Defendant Trooper Craig P. Student and Trooper John Doe were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendant to punitive damages.

114. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Trooper Craig P. Student and Defendant Trooper John Doe, Plaintiff suffered tangible losses of protected property and/or liberty interests

    **WHEREFORE**, Plaintiff requests that this Court:

    Enter judgment against the Defendants joint and severally;

   a. Award compensatory, economic, non-economic, and punitive damages;

   b. Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

   c. Award such further legal, equitable and other relief as this Court deems just and proper; and

   d. A jury trial to each Defendant and as to each count.

**Count III – Violation of Fourth Amendment**

**Violation of Pennsylvania Common Law Rights**

**Malicious Prosecution**

**Plaintiff v. Defendants Albert Gallatin Area School District, Christopher Pegg,**

**Trooper Craig P. Student and Trooper John Doe**

115. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

116. Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe initiated and pursued multiple proceedings of an administrative and/or criminal nature against Plaintiff without lawful cause.

117. Defendant Trooper Craig P. Student knew or should have known that his initiation and pursuit of proceedings against Plaintiff lacked proper cause.

118. These proceedings, as more fully described above, were initiated against Plaintiff maliciously and/or for purposes other than the legitimate enforcement of law.

119. Plaintiff suffered tangible losses of protected property and/or liberty interests as a result of the baseless proceedings initiated against her.

120. The initiation and pursuit of the referenced proceedings against Plaintiff deprived her of rights, privileges and immunities guaranteed under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

121. The actions of Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants to punitive damages.

   **WHEREFORE**, Plaintiff requests that this Court:

a.  Enter judgment against the Defendants joint and severally;

b.  Award compensatory, economic, non-economic, and punitive damages to Plaintiff;

c.  Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

d.  Award such further legal, equitable and other relief as this Court deems just and proper; and

e.  A jury trial to each Defendant and as to each count.

**Count IV – Violation of Fourth Amendment**

**Reckless Investigation**

**Plaintiff v. Defendants Trooper Craig P. Student and Trooper John Doe**

122. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

123. Defendant Trooper Craig P. Student, who acted in concert and conspiracy, with Defendant Trooper John Doe and Defendant Christopher Pegg, failed to properly and adequately investigate the incidents reported by Defendant Pegg.

124. Defendant Trooper Craig P. Student, who acted in concert and conspiracy with Defendant Trooper John Doe and Defendant Christopher Pegg in failing to properly and adequately investigate the alleged abuse before citing the Plaintiff with criminal charges, acted intentionally or recklessly, and in a manner that shocks the conscience.

125. As a direct and proximate result of the acts of Defendant Trooper Craig P. Student, who acted in concert and conspiracy with Defendant Trooper John Doe and Defendant Christopher Pegg Plaintiff suffered tangible losses of protected property

and/or liberty interests.

**WHEREFORE**, Plaintiff requests that this Court:

    a.  Enter judgment against the Defendants joint and severally;

    b.  Award compensatory, economic, non-economic, and punitive damages to Plaintiff;

    c.  Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    d.  Award such further legal, equitable and other relief as this Court deems just and proper; and

    e.  A jury trial to each Defendant and as to each count.

### Count V – Violation of Fourth Amendment
### Unlawful Search and Seizure
### Plaintiff v. Defendants Trooper Craig P. Student and Trooper John Doe

126. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

127. Defendant Trooper Craig P. Student's unlawful entry into the Plaintiff's home, as described herein above, violated the Fourth Amendment to the United States Constitution, specifically the right to be free from unlawful searches and seizures.

**WHEREFORE**, Plaintiff requests that this Court:

    a.  Enter judgment against the Defendants joint and severally;

    b.  Award compensatory, economic, non-economic, and punitive damages to Plaintiffs against the Defendants;

    c.  Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    d.  Award such further legal, equitable and other relief as this Court deems just and proper; and

    e.  A jury trial to each Defendant and as to each count.

**Count VI – State Law Claim**

**Malicious Prosecution**

**Plaintiff v. Defendants Christopher Pegg, Trooper Craig P. Student,**

**and Trooper John Doe**

128. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

129. The conduct of Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe as described above constitutes malicious prosecution in violation of Pennsylvania law.

130. The actions of Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants to punitive damages.

131. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe acting in concert and conspiracy, Plaintiff suffered tangible losses of protected property and/or liberty interests

**WHEREFORE**, Plaintiff requests that this Court:

a. Enter judgment against the Defendants joint and severally;

b. Award compensatory, economic, non-economic, and punitive damages to Plaintiffs against the Defendants;

c. Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

d. Award such further legal, equitable and other relief as this Court deems just

and proper; and

e.   A jury trial to each Defendant and as to each count.

**Count VII – State Law Claim**
**Intentional Infliction of Emotional Distress**
**Plaintiff v. Defendants Christopher Pegg, Trooper Craig P. Student**
**and Trooper John Doe**

132.  Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

133. The aforementioned willful misconduct of Defendants Christopher Pegg, Troopewre Craig P. Student and Trooper John Doe constituted extreme and outrageous conduct. As a direct and proximate result of said conduct Plaintiff suffered, and continues to suffer, severe emotional distress.

134. As a direct and proximate result of the intentional conduct of Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe, Plaintiff suffered, and will continue to suffer for an indefinite period into the future, great pain, suffering, inconvenience, mental anguish, emotional distress and physical injury including, but not limited to, psychological problems, embarrassment, severe anxiety, inconvenience and humiliation to the extent that his general health and vitality are impaired and may continue to be impaired for an indefinite time into the future.

**WHEREFORE**, Plaintiff requests that this Court:

a.   Enter judgment against the Defendants joint and severally;

b.   Award compensatory, economic, non-economic, and punitive damages to Plaintiff against the Defendants; and

c.   Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    d.   Award such further legal, equitable and other relief as this Court deems just and proper;

    e.   A jury trial to each Defendant and as to each count.

**Count VIII – State Law Claim**
**False Light / Slander**
**Plaintiff v. Defendants Christopher Pegg and Trooper Craig P. Student**

135. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

136. Defendants Christopher Pegg and Trooper Craig P. Student made false and misleading statements about the Plaintiff, as described more fully above, when they made materially false statements in order to initiate an investigation and file criminal charges against the Plaintiff.

137. The statements made were untrue, painted Plaintiff in a poor and false light to members of their community, and otherwise defamed Plaintiff's characters.

138. The actions of Defendants Christopher Pegg and Trooper Craig P. Student were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting these Defendants to punitive damages.

139. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Christopher Pegg and Trooper Craig P. Student, Plaintiff suffered the following injuries and damages:

    a.   Plaintiff's reputation was and is irreparably damaged;

    b.   Plaintiff suffered severe emotional and psychological trauma;

    c.   Plaintiff suffered various physical maladies, including but not limited to, sleeplessness, depression and irritability; and

    d.  Plaintiff suffered economic and consequential damages.

**WHEREFORE**, Plaintiff requests that this Court:

    a.  Enter judgment against the Defendants joint and severally;

    b.  Award compensatory, economic, non-economic, and punitive damages to Plaintiff against Defendants;

    c.  Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    d.  Award such further legal, equitable and other relief as this Court deems just and proper;

    e.  A jury trial to each Defendant and as to each count.

**Count IX – State Law Claim**
**Abuse of Process**
**Plaintiff v. Defendants Christopher Pegg, Trooper Craig P. Student**
**and Trooper John Doe**

140. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

141.    Defendants Christopher Pegg, Trooper Craig P. Student and Trooper John Doe initiated and pursued multiple and baseless proceedings of an administrative and/or quasi-criminal nature against the Plaintiff without lawful cause and without a legitimate purpose.

142.    Rather than being brought for legitimate purposes, Defendants Christopher Pegg, Trooper Craig P. Student, and Trooper John Doe initiated the afore referenced proceedings against Plaintiff to oppress her First Amendment Rights to free speech under the United States Constitution.

143.    Defendants Pegg, Trooper Craig P. Student, and Trooper John Doe knew or should have known that their initiation and pursuit of proceedings against Plaintiff lacked proper cause.

144.   Plaintiff suffered tangible losses of protected property and/or liberty interests as a result of the baseless proceedings initiated against her.

145.   The actions of Defendants Pegg, Trooper Craig P. Student, and Trooper John Doe were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants Pegg, Craig P. Student, and John Doe to punitive damages.

146.   The actions of Defendants Christopher Pegg, Trooper Craig P. Student, and Trooper John Doe constitute abuse of process in violation of Pennsylvania law.

147.   As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

   a.   Plaintiff's reputation was and is irreparably damaged;

   b.   Plaintiff suffered severe emotional and psychological trauma;

   c.   Plaintiff suffered various physical maladies, including but not limited to, sleeplessness, depression and irritability; and

   d.   Plaintiff suffered economic and consequential damages.

**WHEREFORE**, Plaintiff requests that this Court:

   a.   Enter judgment against the Defendants joint and severally;

   b.   Award compensatory, economic, non-economic, and punitive damages to Plaintiff against Defendants Michael A. Woods and Mary Woods;

   c.   Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

   d.   Award such further legal, equitable and other relief as this Court deems just and proper;

   e.   A jury trial to each Defendant and as to each count.

**Count X – State Law Claim**
**False Arrest / False Imprisonment**
**Plaintiff v. Defendants Trooper Craig P. Student**
**and Trooper John Doe**

148. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

149.      In committing the acts complained of herein, Defendants Trooper Craig P. Student and Trooper John Doe, who were acting in concert and conspiracy, falsely arrested the Plaintiff with no basis in fact or law to do so in violation of the laws of Pennsylvania.

150.      The conduct of Defendants Trooper Craig P. Student and Defendant John Doe, who were acting in concert and conspiracy, constitutes false arrest and false imprisonment in violation of Pennsylvania law.

151.      As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Trooper Craig P. Student and Trooper John Doe, who were acting in concert and conspiracy with Defendant Christopher Pegg, Plaintiff suffered the following injuries and damages:

    a.   Plaintiff's reputation was and is irreparably damaged;

    b.   Plaintiff suffered severe emotional and psychological trauma;

    c.   Plaintiff suffered various physical maladies, including but not limited to, sleeplessness, depression and irritability; and

    d.   Plaintiff suffered economic and consequential damages.

**WHEREFORE**, Plaintiff requests that this Court:

    **a.**  Enter judgment against the Defendants joint and severally;

    **b.**  Award compensatory, economic, non-economic, and punitive damages to Plaintiff against Defendants;

    **c.**  Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    **d.**  Award such further legal, equitable and other relief as this Court deems just and proper;

    **e.**  A jury trial to each Defendant and as to each count.


<u>s/Robert Eugene Grimm</u>
Robert Eugene Grimm
Attorney I.D. No. 72205
P.O. Box 430
Smithfield, Pa 15478
(724) 569-2819
Counsel for Plaintiff